In re Heidi Elise MORRIS, Debtor.

Barbara A. BETO, Executrix of the Estate of Bernard Beto, Deceased, Plaintiff,

v.

Heidi Elise MORRIS, Defendant.

Bankruptcy No. 95–11230.
Adv. No. 96–1004.

United States Bankruptcy Court,
N.D. W. Virginia,
Clarksburg Division.

May 22, 1996.

Jerald E. Jones, Clarksburg, WV, for Plaintiff.

Sally C. Collins, Dellslow, WV, for Debtor/Defendant.

## MEMORANDUM OPINION AND ORDER

L. EDWARD FRIEND, II, Bankruptcy Judge.

This case centers on the breadth of a discharge issued under § 727 of the Bankruptcy Code, and the applicability of § 525(a), in relation to West Virginia Code § 17D–4–6(b). The Court has jurisdiction to hear and determine the issues presented in this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) & (I). Pursuant to the Court's scheduling order of March 4, 1996, Plaintiff has submitted a brief on the issues presented. Debtor has elected not to submit a response, and stands on the pleadings currently before the Court. In its present posture, this case is ripe for determination.

## FACTS

The relevant facts of this case are not in dispute. On February 3, 1994, Heidi Elise Morris (hereinafter "Debtor") struck and killed a pedestrian, Bernard Beto, while operating a motor vehicle owned by her husband. At the time of the accident, said motor vehicle was uninsured. On April 24, 1995 Barbara Beto, as Executrix of the estate of Bernard Beto, filed a wrongful death action in the Circuit Court of Marion County. Debtor filed a *pro se* answer to the complaint and on October 20, 1995 filed for relief under Chapter 7 of the Bankruptcy Code, listing the pending civil action in her bankruptcy schedules.

On January 11, 1996 Barbara Beto filed the immediate nondischargeability complaint. In the complaint, in which Mrs. Beto seeks leave to pursue the state court action and, if a judgment in excess of $20,000 is obtained, a declaration that said balance is nondischargeable, Plaintiff does not allege DUI related issues or willful or malicious conduct on Debtor's part. Furthermore, Plaintiff does not base her complaint on any plausible ground for nondischargeability established in 11 U.S.C. § 523. The sole basis asserted for allowing the case to proceed is West Virginia Code §§ 17D–4–5(a) & 6(b), which call for the suspension of a driver's license when judgment has been rendered against said driver and said driver was not covered by an insurance policy at the time of the accident, regardless of whether that person has received a discharge of her debts in bankruptcy.

## DISCUSSION

The West Virginia Motor Vehicle Responsibility Law (W.Va.Code § 17D–1–1 et seq.) is a comprehensive statutory scheme enacted with the intent of "promoting the public welfare by requiring every owner or registrant of a motor vehicle licensed in [the] State to maintain certain security during the

registration period of such vehicle." W.Va. Code § 17D–2A–1 (1981). Pursuant to W.Va.Code § 17D–4–4, whenever a person against whom a judgment has been rendered, and whom was uninsured at the time of the accident resulting in said damages, fails within thirty days to satisfy that judgment, the judgment creditor may, upon written request, have a certified copy of said judgment forwarded to the commissioner. Upon receipt of a certified copy of said judgment, the commissioner "shall forthwith suspend the license and registration . . . of [the judgment debtor]." W.Va.Code § 17D–4–5(a) (1987).[1] Said suspension is to continue, "unless and until [the judgment] is stayed, satisfied in full or to the extent hereinafter provided." W.Va.Code § 17D–4–6(a) (1987). Such judgment may be paid in installments pursuant to W.Va.Code § 17D–4–8, and is "satisfied in full," for purposes of this case, when "twenty thousand dollars has been credited upon any judgment . . . rendered in excess of that amount because of bodily injury to or death of one person as the result of any one accident." W.Va.Code § 17D–4–7(a)(1) (1979). Of primary significance to the case at hand, W.Va.Code § 17D–4–6(b) indicates that "a discharge in bankruptcy following the rendering of any such judgment shall not relieve the judgment debtor from any of the requirements of this article."

In direct contrast with the West Virginia statutory scheme outlined above, Section 727(b) of the Bankruptcy Code provides that a discharge in a chapter 7 case discharges the debtor from all debts that arose before the date of the order for relief, except those specifically provided for in § 523(a), as well as any liability for claims arising out of prepetition events. Furthermore, such discharge, "voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727 . . .;" and "operates as an injunction against the commencement or continuation of an action, . . . to collect, recover or setoff any such debt as a personal liability of the debtor . . . ." 11 U.S.C. § 524(a)(1) & (2) (1994). Even more

specifically, § 525 of the Bankruptcy Code, entitled "Protection against discriminatory treatment," expressly indicates that:

> a governmental unit may not deny, revoke, suspend, or refuse to renew a license . . . to, . . . a person that is or has been a debtor under this title . . . solely because such bankrupt or debtor is or has been a debtor under this title, . . . has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title . . . .

11 U.S.C. § 525(a) (1994).

This section codifies that result in *Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971), which held that a State would frustrate the Congressional policy of a fresh start for a debtor if it were permitted to refuse to renew a driver's license because a tort judgment resulting from an automobile accident had been unpaid as a result of a discharge in bankruptcy. *See;* H.Rept. No. 95–595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) pp. 366, 367.

In this case, Plaintiff seeks leave of the Court to proceed with her wrongful death suit against Debtor, with any attendant judgment being determined nondischargeable solely on the basis of West Virginia Code §§ 17D–4–5(a) & 6(b). This the Plaintiff cannot do. In the first instance, Plaintiff has not alleged any valid statutory basis under § 523(a) or § 727 of the Bankruptcy Code which would prevent such debts from being discharged in the underlying case. Second, said action would therefore be violative of § 524(a) in that the effect of Debtor's discharge would be that she would no longer remain personally liable for any debt to Plaintiff arising out of the accident which occurred February 3, 1994, as such accident occurred prior to Debtor's bankruptcy filing and would be dischargeable under § 727.

 To the extent that the underlying basis for Plaintiff's complaint sounds in state

---

1. Said suspension can be waived by the commissioner at his discretion, notwithstanding default

in the payment of the judgment at issue. W.Va. Code § 17D–4–5(b).

statutory law contrary to that expressed in the Bankruptcy Code, it cannot be relied upon. The Supremacy Clause of the United States Constitution, Article Six, provides Congress with the power to preempt state law by providing:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

The Constitution further provides, at Article I, section 8, paragraph 4:

> The Congress shall have Power....

> To establish an uniform Rule of Naturalization, and uniform Laws on the subject of Bankruptcies throughout the United States....

Therefore, it is clear that when Congress promulgates legislation regarding matters pertaining to bankruptcy issues, Article I limits the power of the states to issue laws in contravention of them.

In summary, the Court finds that, as a matter of law, West Virginia Code § 17D–4–6(b), being in direct contravention of 11 U.S.C. § 525(a), is invalid and cannot be used as a basis for denying Debtor's discharge from any personal liability arising out of her operation of a motor vehicle on February 3, 1994. Further, use of said section in attempting to collect any sums from Debtor would be violative of both § 524(a) and § 525(a) of the Bankruptcy Code. There having been no valid assertions made as to the nondischargeability of Debtor's liability to Plaintiff pursuant to § 523(a) or § 727, Plaintiff's complaint fails to state a claim upon which relief can be granted. Therefore, this case shall be dismissed, with the injunctions of Bankruptcy Code §§ 524(a), 525(a) & 727 left intact.